O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY COLEMAN, | NO. CV 10-4277-PSG (MAN) |
|         Plaintiff, | MEMORANDUM AND ORDER DISMISSING |
|     v. | COMPLAINT WITH LEAVE TO AMEND |
| LOS ANGLES COUNTY SHERIFF'S DEPARTMENT, | |
|         Defendant. | |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on June 14, 2010 ("Complaint").

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit.

28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).   In screening such a complaint, the Court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt.  *See* Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).   A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Id.*; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff is currently incarcerated at the Ironwood State Prison. (Complaint at 1.)  His claims arose while he was a pretrial detainee in the custody of the Los Angeles County Sheriff's Department ("Sheriff's Department").  (*Id.*)  The Sheriff's Department is the sole defendant. (*Id.*)

Plaintiff alleges that, on June 11, 2009, at the Antelope Valley courthouse in Lancaster, a deputy performing a body search hit him three times in the groin area.  (Complaint at 1, 2.)[1]  When plaintiff asked why he had been hit, the deputy told him to shut up and then put plaintiff's hands behind his back and squeezed his fingers.  (*Id.*) Deputies started hitting plaintiff in the face and head with a flashlight; one deputy hit plaintiff in the face with a fist; another deputy grabbed plaintiff's arm, hit it with a flashlight, and broke it;

---

[1]   Plaintiff used the space provided for describing prior federal lawsuits to set forth the facts supporting his claims in this action. (*See* Complaint at 1.)

1   and plaintiff was pepper-sprayed and shot with a taser.  (*Id.* at 1, 5.)

3       Plaintiff did not receive adequate medical care for his injuries, and it was ten months before he received surgery for his arm. (Complaint at 1.)  Initially, jail personnel did not believe that plaintiff's arm was broken, and he did not receive a cast for five days. (*Id.* at 5.)  Plaintiff's arm would not heal and, ultimately, physicians had to insert a titanium plate into it.  (*Id.* at 1, 5.)  Plaintiff's face was pink from pepper spray for days, his head hurt from being hit with so many flashlights, and his wrist hurt from handcuffs.  (*Id.* at 5.)  Plaintiff's head and wrist remain painful, and he consequently has to take pain medication.  (*Id.*)

14      Plaintiff contends that deputies used excessive force against him when there was no reason to use any force at all.  (Complaint at 1, 5.) He further contends that he did not receive adequate medical care.  (*Id.* at 1.)  He seeks damages.  (*Id.* at 6.)

**DISCUSSION**

**I.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE SHERIFF'S DEPARTMENT FOR EXCESSIVE FORCE.**

24      Plaintiff has not sued the deputies who beat him, either as named defendants or as Doe defendants.   The sole defendant named in the Complaint is the Sheriff's Department.

28      To allege a Section 1983 claim against an individual defendant, a

plaintiff need only allege a constitutional deprivation inflicted on him by that defendant.   To allege a Section 1983 claim against a local governmental entity such as the Sheriff's Department, however, more is needed.   Plaintiff must allege a constitutional deprivation *and* a policy, custom, or practice of the municipality that was the "moving force" of the constitutional deprivation.   <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978); <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008); <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007).

A local governmental entity such as the Sheriff's Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.   Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell</u>, 436 U.S. at 694, 98 S. Ct. at 2037-38.   Thus, a local governmental entity is not liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91, 98 S. Ct. at 2035-36.

Here, plaintiff's allegations are sufficient to allege a

4

1   constitutional deprivation, *i.e.*, an excessive force claim under the

2   Fourteenth Amendment's Due Process Clause.[2]  The Complaint, however, is

3   devoid of allegations regarding any official policy, custom, or practice

4   pursuant to which the Sheriff's deputies inflicted the allegedly

5   excessive force.  *See* <u>Monell</u>, 436 U.S. at 690-91, 694, 98 S. Ct. at

6   2035-36, 2037-38; <u>Karim-Panahi</u>, 839 F.2d at 624.  Plaintiff, therefore,

7   fails to state an excessive force claim against the Sheriff's

8   Department.

9

10      Accordingly, plaintiff's excessive force claim against the

11  Sheriff's Department must be dismissed.

12

13  **II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE SHERIFF'S DEPARTMENT**

14       **FOR INADEQUATE MEDICAL CARE.**

15

16      Plaintiff also asserts a claim against the Sheriff's Department for

17  inadequate medical care.  To state such a claim, plaintiff must allege

18  that he was provided with constitutionally inadequate medical care

19  pursuant to an official policy, custom, or practice of the Sheriff's

20  Department.  *See* <u>Monell</u>, 436 U.S. at 690-91, 694, 98 S. Ct. at 2035-36,

21  2037-38; <u>Karim-Panahi</u>, 839 F.2d at 624.  The Complaint contains no

22  allegations regarding any policy, custom, or practice of the Sheriff's

23  Department with respect to medical care.  Thus, plaintiff's inadequate

24

25      [2]   Plaintiff alleges that he was a pretrial detainee at the time
26  of the events in question.  Thus, his claims arise under the Due Process
    Clause.  *See* <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10, 109 S. Ct. 1865,
27  1871 n.10 (1989)("the Due Process Clause protects a pretrial detainee
    from the use of excessive force that amounts to punishment")(citing <u>Bell</u>
28  <u>v. Wolfish,</u> 441 U.S. 520, 535-39, 99 S. Ct. 1861, 1871-74 (1979)).

                                        5

1    medical care claims fails for his reason alone.

2

3        In addition, plaintiff has not adequately alleged a constitutional

4    deprivation.   A prisoner asserting a Section 1983 claim for denial of

5    medical care must show "acts or omissions sufficiently harmful to

6    evidence deliberate indifference to serious medical needs."[3]   Estelle

7    v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).   A serious

8    medical need exists if failure to treat the condition could result in

9    further significant injury or the unnecessary and wanton infliction of

10   pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled*

11   *on other grounds by* WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th

12   Cir. 1997)(*en banc*).   Deliberate indifference requires that defendants

13   purposefully ignore or fail to respond to the prisoner's pain or medical

14   need. McGuckin, 974 F.2d at 1060.   Deliberate indifference "may appear

15   when prison officials deny, delay or intentionally interfere with

16   medical treatment, or it may be shown in the way in which prison

17   physicians provide medical care."   *Id.* at 1059.

18

19       A showing of medical malpractice or negligence is insufficient to

20   establish deliberate indifference.   Toguchi v. Chung, 391 F.3d 1051,

21   1060 (9th Cir. 2004).   "[A] complaint that a physician has been

22   negligent in diagnosing or treating a medical condition does not state

23   a valid claim of medical mistreatment under the Eighth Amendment.

24

25       [3]   Although plaintiff's claim for inadequate medical care during
26   his pretrial detention arises under the Due Process Clause of the
     Fourteenth Amendment, the Eighth Amendment serves as a benchmark for
27   evaluating the claim.   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
     1998).   Thus, the standards set forth in Estelle v. Gamble and Ninth
28   Circuit cases applying Estelle are applicable here.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292.

If medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(*per curiam*).   Moreover, a mere difference of opinion between an inmate and medical staff, or among medical staff, regarding appropriate medical treatment is generally insufficient to constitute deliberate indifference.   *See* Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).   A prisoner asserting an Eighth Amendment claim against his physician must show that the course of treatment the physician chose was medically unacceptable under the circumstances, and that the physician chose it in conscious disregard of an excessive risk to the plaintiff's health.   Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332.

Although plaintiff complains about his medical care, he does not specify whether he is challenging a failure to provide medical care by jail authorities, a delay in providing medical care, or the adequacy of the medical care provided by his physicians.   Plaintiff, in fact, does not identify the persons (whether or not he knows their names) responsible for his allegedly deficient medical care.   The Court also notes that plaintiff alleges that "it took C.D.C. 10 month[s] to operate" on him.   (Complaint at 1.)   Plaintiff cannot hold the Sheriff's Department liable for deficiencies in his medical care after he was

convicted and transferred to the custody of the California Department of Corrections and Rehabilitations.  For these reasons, plaintiff has not sufficiently alleged a constitutional deprivation by the Sheriff's Department in connection with his medical care.

Accordingly, plaintiff's inadequate medical care claim against the Sheriff's Department must be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed with leave to amend.  If plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein.  The First Amended Complaint, if any, shall be complete in itself.  It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: July 8, 2010

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

8